IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL NIBLETT | ) | |
| | ) | |
| V. | ) | 3-05-CV-1435-M |
| | ) | |
| AMERICAN OIL & GAS CORP., | ) | |
| ET AL | ) | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's order of reference filed on August 15, 2005, came on to be considered Plaintiff's Emergency Motion for Injunctive Relief filed on August 3, 2005, and the magistrate judge finds and recommends as follows:

On July 15, 2005, Samuel Niblett filed his pro se complaint against Americana Oil & Gas Corp., Quality Oil & Gas, Jack Taylor a/k/a Jack Swazy and other John Doe Defendants alleging that Defendants have engaged in a civil fraud. Jurisdiction is invoked under this court's diversity of citizenship jurisdiction. However, the required filing fee was not tendered with the complaint. On July 29, 2005, Mr. Niblett filed his motion to proceed in forma pauperis, executed on July 27, 2005. It is clear that his assets are more than sufficient to enable him to pay the $250.00 filing fee. Further, process has not been issued or served in this case.

Plaintiff seeks an injunction enjoining Americana Oil & Gas Corp., Quality Oil & Gas and Jack Taylor from disposing of assets and ordering any producers of oil and gas to pay proceeds directly to Plaintiff. In support of his motion he has included a copy of an emergency cease and desist order issued by the Texas State Securities Board on May 28, 2003, which inter alia ordered Ulric Jack Sweesy a/k/a Jack Sweesy a/k/a Jack Taylor, Ameri-Q Energy, Inc. a/k/a/ Ameri-Q, Inc.

f/k/a Americana Oil & Gas Corp., Quality Petroleum, Inc. and other named respondents to cease and desist from offering for sale or selling securities in Texas until certain conditions were met.[1]

Plaintiff has not identified any bank accounts by number or bank, nor has he identified the leases or producers of oil and gas which apparently make royalty payments for oil and gas severed and removed from the subject leases, nor has he shown that he is the sole owner of the minerals produced.

Given the fact that Plaintiff has not yet paid the required filing fee and is apparently not a person entitled to proceed in forma pauperis , the fact that no process has issued, the fact that insufficient information has been provided to enable the court to formulate specific directions in any injunctive order which may hereafter be appropriate, it is recommended that the District Court enter its order denying Plaintiff's Emergency Motion for Injunctive Relief, without prejudice.[2]

A copy of this recommendation shall be transmitted to Plaintiff at 278 Fuller Road, Easton, Maine 04740 and at 7219 Cecil St, Houston, TX 77030

SIGNED this 15th day of August, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff has not provided any subsequent orders if any, which the Texas State Securities Board may have issued in its Docket No. 03-025, nor does the magistrate judge express any opinion as to whether any of the named respondents in that action have violated the terms and conditions of the May 28, 2003, order.

[2] Plaintiff is put on notice that any decision with respect to whether Defendants' conduct violates the criminal laws of the United States or of individual states are reserved to the United States Department of Justice, state regulatory agencies and responsible law enforcement agencies. Therefore, if he wishes to report allegations of criminal wrong doing, the same needs to be made to the proper law enforcement agencies.

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.