IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL NIBLETT, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   Civil Action No. 3:05-CV-1435-M |
| | § |
| AMERICAN OIL & GAS CORP., et al., | § |
| | § |
| Defendants. | § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's Standing Order of Reference, entered October 7, 2005, this case has been referred to the United States Magistrate Judge for pretrial management. In an order entered October 31, 2005, the Court ordered the parties to file a status report and proposed scheduling order. Plaintiff failed to respond to the Court's order. In an order entered March 1, 2006, the Court ordered Plaintiff to show cause why he has not responded to the Court's order. Plaintiff did not respond to this order, nor has the Court been able to contact Plaintiff. For the reasons stated below, the Court recommends that the District Court dismiss Plaintiff's case without prejudice for failure to prosecute.

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss a case if the plaintiff fails to prosecute the case or fails to abide by the rule or orders of the Court. FED. R. CIV. P. 41(b). Federal Rule of Civil Procedure 16(f) grants the Court discretion to impose sanction upon a party for failing "to obey a scheduling or pretrial order." FED. R. CIV. P. 16(f). Federal Rule of Civil Procedure 37(b) outlines the types of sanctions that courts may impose due to a party's failure to comply with a court order, include dismissal. FED. R. CIV. P. 37(b)(2)(C).

"The same criteria developed for evaluating dismissals for failure to prosecute under [Rule] 41(b) are to be applied in a [R]ule 16(f) case." *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (per curiam).

Because dismissal is a harsh sanction, the Court should not invoke it unless "'a clear record of delay or contumacious conduct by the plaintiff' exists and 'lesser sanctions would not serve the best interests of justice.'" *Id.* (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)). Before dismissing a case for failure to prosecute, the Court should find that one of the following aggravating factors is present: (1) delay caused by the plaintiff him or herself and not by his or her attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct. *Id.*

In this case, Plaintiff has displayed a clear record of delay. The date of Plaintiff's last filing was September 6, 2005. In an order entered on September 14, 2005, the Court instructed Plaintiff that he had 120 days to serve Defendants, but Plaintiff has yet to effectuate service upon Defendants. In an order entered October 31, 2005, the Court ordered Plaintiff to file a status report and proposed scheduling order, which Plaintiff failed to do. In an order entered March 1, 2006, the Court ordered Plaintiff to show cause, which he also failed to do. The Court specifically ordered Plaintiff to show cause why the Court show not recommend dismissal of this case, and Plaintiff has failed to provide the Court with any reason why the case should not be dismissed. The Court has made efforts to contact Plaintiff and has been unable to reach him. Plaintiff has displayed a long period of inactivity in this case. *See Morris v. Ocean Systems, Inc.*, 730 F.2d 248, 252 (5th Cir. 1984) (indicating that "'significant periods of total inactivity' . . . have been held to constitute a clear record of delay'") (quoting *Ramsay v. Bailey*, 531 F.2d 706, 709 (5th Cir. 1976) (per curiam)). Accordingly, the Court concludes that Plaintiff has displayed "a clear record of delay." *See Rogers*, 669 F.2d at 320.

In addition, the Court finds that one the three aggravating factors is present - the delay is

caused by Plaintiff himself, not his attorney. *See Price*, 792 F.2d at 474. Plaintiff is proceeding *pro se* in this litigation. Therefore, only Plaintiff can be blamed for the delay. The Court, accordingly, concludes that the District Court should dismiss Plaintiff's case for failure to prosecute.

The Court now turns to the issue of whether the District Court should dismiss Plaintiff's case with or without prejudice. "Because of the severity of a dismissal with prejudice when used as a sanction . . . we have stated that it is 'a drastic remedy to be used only in those situations where a lesser sanction would not better serve the interests of justice.'" *Morris*, 730 F.2d at 251 (quoting *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981)). To dismiss with prejudice for failure to prosecute, the Court must make specific findings that a lesser sanction would be inadequate. *See Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985) (per curiam). The United States Court of Appeals for the Fifth Circuit has "suggested alternatives to dismissal, including the '[a]ssessment of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.'" *Id.* (quoting *Rogers*, 669 F.2d at 322.) Because the Court or the District Court has yet to impose any other sanctions upon Plaintiff, the Court recommends that the District Court dismiss Plaintiff's case without prejudice. *See Callip*, 757 F.2d at 1522 (affirming the district court's dismissal with prejudice for failure to prosecute partly because the record revealed that the district court had imposed lesser sanctions prior to dismissal).

## CONCLUSION

Plaintiff has illustrated a clear pattern of delay in this case, which warrants dismissal.

## RECOMMENDATION

The District Court should dismiss Plaintiff's claims without prejudice for failure to prosecute.

Signed this 29th day of March, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE